NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NATIONAL SURETY CORPORATION, : CIVIL ACTION NO. 16-5277 (JLL)
a/s/o Jack H. Jacobs and Susan E. Jacobs, :
 :
    Plaintiff, : **OPINION & ORDER**
 :
v. :
 :
PALMERI CONSTRUCTION GROUP LLC, :
BDS REMODELING SERVICES LLC, and :
NODORO PLUMBING AND HEATING INC., :
 :
    Defendants. :

**LINARES**, Chief District Judge

**IT APPEARING THAT:**

1. Currently pending before the Court is the plaintiff's motion pursuant to Rule 55(b) of the Federal Rules of Civil Procedure for the entry of default judgment against two of the three defendants, *i.e.*, BDS Remodeling Services LLC (hereinafter, "BDS") and Nodoro Plumbing and Heating Inc. (hereinafter, "Nodoro"). (ECF No. 48.) The third defendant named is Palmeri Construction Group LLC (hereinafter, "Palmeri"). (*Id.*)[1]

2. On August 30, 2016, the plaintiff named only two defendants in its original complaint, which were identified as Nodoro and "Palmeri Construction Group LLC f/k/a

---

[1] The Court's electronic docket lists the action insofar as it has been brought against Nodoro as being terminated as of December 22, 2016. (ECF No. 17.) However, that termination has since been rescinded as of April 27, 2017. (ECF No. 26.)

BDS Remodeling Services LLC." (ECF No. 1 at 1.) The plaintiff thereafter filed an amended complaint on April 27, 2017. (ECF No. 26.)[2] The amended complaint names Palmeri and BDS as separate entities.[3]

3.  The plaintiff now moves for the entry of default judgment against BDS and Nodoro in the amount of $87,465.68. (*See* ECF No. 48 through ECF No. 48-5.) BDS and Nodoro have not responded to the motion.

4.  The decision to either enter a default judgment or refuse to enter such a judgment rests in the Court's discretion. *See Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987).

5.  It appears that the plaintiff intends to continue to prosecute this action against Palmeri, because the plaintiff has not stated an intention to withdraw its claims against that defendant. Thus, a judgment entered against BDS and Nodoro at this juncture would not end this dispute, thereby giving rise to piecemeal litigation, the possibility of a double recovery for the plaintiff, and the danger of logically inconsistent determinations.

6.  Furthermore, Palmeri might be prejudiced in its defense to the extent that its liability may be derivative of the Court's determination concerning BDS and Nodoro, and such a determination would be a foregone conclusion that Palmeri would be barred

---

[2] The plaintiff incorrectly asserts in its supporting papers that the amended complaint was filed in 2016. (*See* ECF No. 48-1 at 1.)

[3] The Court's electronic docket has not been amended to reflect this change, and still lists Nodoro and "Palmeri Construction Group LLC f/k/a BDS Remodeling Services LLC" as the only two defendants.

from disputing. *See Ramada Worldwide Inc. v. VNM Foothills TIC, LLC*, No. 15-4078, 2016 WL 1162750, at *1–2 (D.N.J. Mar. 23, 2016) (denying the entry of a default judgment against the first defendant until the entire action was resolved, because the first defendant and several additional defendants were jointly and severally liable, and it would be incongruous to enter judgment as to the first defendant while permitting the action to proceed on the merits against the additional defendants).

7. Because the relief as to all of the claims that are asserted against all of the defendants should be consistent, the Court declines to exercise its discretion to enter judgment against BDS and Nodoro while the plaintiff's claims against Palmeri remain viable. *See Eteam, Inc. v. Hilton Worldwide Holdings, Inc.*, No. 15-5057, 2016 WL 54676, at *2 (D.N.J. Jan. 5, 2016) (denying the plaintiff's motion pursuant to Rule 55 for entry of judgment against only one of the two defendants, because "if default is entered against some defendants in a multi-defendant case, the preferred practice is for the court to withhold granting default judgment until the action is resolved on its merits against non-defaulting defendants") (quoting *Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Import & Export Corp.*, 596 F. Supp. 2d 842, 849 (D.N.J. 2008)).

8. Therefore, the Court administratively terminates the plaintiff's motion, but does so without prejudice to the plaintiff to seek one complete judgment when appropriate, *i.e.*, when Palmeri's liability has been ascertained, or when the plaintiff's claims against Palmeri have been settled.

9. If the plaintiff eventually moves for such a complete judgment, then the plaintiff should be sure to file a proposed order that specifically sets forth the extent to

which any of the defendants are jointly and severally liable for any of the monetary amounts owed. For good cause shown:

**IT IS THEREFORE** on this \_\_\_\_\_ day of March, 2018, **ORDERED** that the plaintiff's motion for the entry of default judgment against the defendants BDS Remodeling Services LLC and Nodoro Plumbing and Heating Inc. **(ECF No. 48)** is administratively terminated without prejudice; and it is further

**ORDERED** that the plaintiff is granted leave to move for the entry of one complete judgment when all of the pending claims in this action have been resolved; and it is further

**ORDERED** that the Clerk of the Court will amend the electronic docket to reflect that the action insofar as it has been brought against the defendant Nodoro Plumbing and Heating Inc. is no longer terminated; and it is further

**ORDERED** that the Clerk of the Court will amend the electronic docket to reflect that the defendant BDS Remodeling Services LLC (which has defaulted) and the defendant Palmeri Construction Group LLC (which is represented by Shane Alexander McDougall of Leary, Bride, Tinker & Moran P.C.) are separate defendants.

**JOSE L. LINARES**
Chief Judge, United States District Court